IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**STATE OF WEST VIRGINIA,**

        **Plaintiff,**

v.                                        CIVIL ACTION NO.: 1:23-CV-42
                                                          (JUDGE KLEEH)

**EMMANUEL JONES,**

        **Defendant.**

**<u>OMNIBUS REPORT AND RECOMMENDATION, RECOMMENDING THAT PLAINTIFF'S MOTIONS TO DISMISS [ECF NOS. 22, 24] BE GRANTED, THAT *PRO SE* DEFENDANT'S MOTION FOR DEFAULT [ECF NO. 18] BE DENIED, AND THAT *PRO SE* DEFENDANT'S MOTIONS [ECF NOS. 32, 33, 34, 35, 36, 37, 38, 39, 40] BE DENIED AS MOOT</u>**

**I.    INTRODUCTION**

This matter comes before the undersigned United States Magistrate Judge pursuant to a Referral Order [ECF No. 8] entered by the Hon. Thomas S. Kleeh, Chief United States District Judge, on May 16, 2023. Defendant, proceeding *pro se*, removed the matter to this Court from the Circuit Court of Monongalia County, West Virginia [ECF No. 1] on or about May 10, 2023. For sake of clarification, the above-captioned matter encompasses two state-level matters: (1) a juvenile abuse and neglect proceeding involving Defendant's minor children, and (2) a criminal matter in which Defendant is indicted.

Presently pending before the Court are two motions to dismiss and to remand the matter [ECF Nos. 22, 24] filed by Plaintiff. The former [ECF No. 22], pertaining to the state juvenile abuse and neglect proceedings, was filed on June 15, 2023, on behalf of the state's Department of Health and Human Resources ("DHHR"), as well as Amy Farrar ("Farrar"), who appears to be a Child Protective Services ("CPS") worker. The latter [ECF No. 24], pertaining to the state criminal

1

matter pending against Defendant, was filed on June 16, 2023, on behalf of the State of West Virginia and named interested parties Gabrielle Mucciola, the Prosecuting Attorney in Monongalia County, West Virginia, and Robert Zak, who is an Assistant Prosecuting Attorney in Monongalia County. The Court also is in receipt of filings from Defendant, which the Court construes as responses [ECF Nos. 27, 29] to the respective motions, both filed on June 23, 2023. Finally, the Court is in receipt of Plaintiff's reply [ECF No. 30] in support of one of its motions [ECF No. 24], pertaining to the state criminal proceeding, filed on June 28, 2023.

Also presently pending before the Court is a motion for entry of default [ECF No. 18] filed by Defendant on June 12, 2023, which appears to pertain only to the juvenile abuse and neglect proceedings. The court is in receipt of a response [ECF No. 23] in opposition thereto, filed by Plaintiff on June 15, 2023.

Finally, pending before the Court are several remaining motions [ECF Nos. 32, 33, 34, 35, 36, 37, 38, 39, 40] filed by Defendant.

For the reasons more fully stated herein, the undersigned **FINDS** that this Court does not have jurisdiction in this matter. Accordingly, for the reasons set forth herein, the undersigned **RECOMMENDS** that Plaintiff's respective motions [ECF Nos. 22, 24] to dismiss and remand the matter be **GRANTED**, and that the matter be **REMANDED** to state court. The undersigned further **RECOMMENDS** that Defendant's motion for default [ECF No. 18] be **DENIED**. And finally, the undersigned **RECOMMENDS** that the number of other pending motions filed by Defendant [ECF Nos. 32, 33, 34, 35, 36, 37, 38, 39, 40] be **DENIED as moot**.

## II.   FACTUAL AND PROCEDURAL HISTORY

When Defendant initially removed this matter from state court, it encompassed four juvenile abuse and neglect proceedings. [ECF No. 1]. In the underlying abuse and neglect

proceedings, the custody of Defendant's children was awarded to his children's respective biological mothers, pursuant to findings of child abuse and neglect. Defendant characterizes these custody awards as the "kidnapping of [his] children" and now seeks to litigate the matters here. Defendant bases his notice of removal on a series of jurisdiction statutes including 28 U.S.C. §§ 1331, 1441, 1443, and 1455. [ECF No. 1].

On May 26, 2023, Defendant amended the notice of removal to additionally remove, pursuant to 28 U.S.C. §§ 1331, 1443, and 1455, a criminal matter pending in Monongalia County, West Virginia Circuit Court, bearing Case No. 23-F-221. In that felony criminal matter, it appears that Defendant was indicted on May 11, 2023, for alleged violations of West Virginia Code § 61-6-24(b) (Threat of Terrorist Acts) and West Virginia Code § 61-5-27(c)(1) (Retaliation Against a Public Official). [ECF No. 11-2, at 24-25].

The undersigned delineates between (a) the state court proceedings involving the juvenile abuse and neglect cases, and (b) the state court criminal proceedings. As to the former (abuse and neglect proceedings), "Plaintiff" herein encompasses DHHR and Farrar, and interested parties are biological mothers of Defendant's juvenile children. As to the latter (the state criminal matter), "Plaintiff" herein encompasses the Prosecuting Attorney of Monongalia County, West Virginia, and interested parties are the Prosecuting Attorney and an Assistant Prosecuting Attorney in that office.

In the instant matter, as to the juvenile abuse and neglect proceedings, Defendant seeks a dismissal of those proceedings, the sanctioning of the State of West Virginia, and restoration of his custodial rights to his children. [ECF No. 11, at 8]. He also seeks an order that the Plaintiff and its officers cease and desist their actions in the abuse and neglect proceedings, that the proceedings be dismissed with prejudice, and that CPS be sanctioned for denying Defendant and his children

3

equal protection under the law.[1] [ECF No. 1, at 13-14]. Further, in the instant matter, as to the state criminal matter, Defendant argues that the state court indictment is defective. He seeks to dismiss it in this Court, arguing that there are deficiencies in venue and physical evidence. [ECF No. 11-2, at 16-19].

### III.     ANALYSIS

#### A. Defendant fails to demonstrate subject matter jurisdiction for any of the matters he seeks to be heard in federal court.

As a threshold matter, the Court must determine whether it has subject matter jurisdiction to consider the issues raised in Defendant's Notice of Removal and Amended Notice of Removal. [ECF Nos. 1, 11]. Federal courts are not courts of general jurisdiction and may only act pursuant to the power granted to them by Article III of the Constitution and acts of Congress. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). Accordingly, federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Only a well-pleaded complaint gives rise to such "federal question" jurisdiction, and jurisdiction cannot be based on defenses or counterclaims. Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152-153 (1908). Additionally, federal courts may also hear cases that meet the requirements of "diversity" jurisdiction, outlined in 28 U.S.C. § 1332. In either type of case (federal question or diversity), a party may remove a case to federal court only when subject matter jurisdiction exists, as well. Ultimately, the removing party has the burden to prove that the federal court has jurisdiction over the case to be removed. Mayor of Balt. v. BP P.L.C., 31 F.4th 178, 197 (4th Cir. 2022).

---

[1] Defendant additionally requests that any child support orders regarding the minor children at issue be vacated, that visitation be modified, that one of the biological mothers involved be prohibited from making fraudulent claims to the police and CPS, and that any standing CPS and criminal investigations based on false information be dismissed. [ECF No. 1, at 13-14].

Here, Defendant asserts that this Court has subject matter jurisdiction pursuant to federal question jurisdiction.² [ECF No. 1]. He further asserts that this Court has subject matter jurisdiction pursuant to federal question jurisdiction and the jurisdiction provisions available under 28 U.S.C. §§ 1443 (civil rights cases) and 1455 (removal of criminal prosecutions). [ECF No. 11]. However, as outlined below, Defendant has not carried his burden of showing that this Court has subject matter jurisdiction over these claims.

1. **Defendant does not demonstrate subject matter jurisdiction as to the juvenile abuse and neglect matters herein, and thus those proceedings cannot be removed.**

Defendant's attempt to remove the state juvenile abuse and neglect proceedings under federal question jurisdiction is without merit. Issues pertaining to matters such as child custody and child abuse and neglect are directly within the purview of a state government's powers. The state "has a legitimate interest in protecting children from neglect and abuse and in investigating situations that may give rise to such neglect and abuse." Martin v. Saint Mary's Dep't Soc. Servs., 346 F.3d 502, 506 (4th Cir. 2003).

Here, Defendant essentially seeks federal review of a state court's decision regarding matters squarely and solely within its jurisdiction, which is a form of review Defendant may not obtain. Defendant's various claims regarding constitutional violations in this matter are of no moment; they do not give rise to federal question jurisdiction, as the underlying cause of action here is predicated on state law and there is no federal interest in this case. See American Well Works Co. v. Layne, 241 U.S. 257, 259-260 (1916); Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). And in matters of child custody specifically, federal courts have long been leery of intervening. See generally Doe v. Doe, 660 F.2d 101 (4th Cir. 1981).

---

² Defendant also cites 28 U.S.C. § 1441 as a basis for removal, which is a statute that merely outlines procedures related to removal of a civil case and is not, standing alone, a valid basis for removal.

Therefore, Defendant's Notices of Removal [ECF Nos. 1, 11] and the information detailed therein, do not satisfy the burden to show that removal of the juvenile abuse and neglect proceedings to federal court is proper.

Additionally, Defendant relies on 28 U.S.C. § 1443, but it is not a valid basis for removal in this case. This statute allows for the removal of criminal and civil cases commenced in state courts when a law providing for the equal civil rights of individuals is denied or cannot be enforced in that state's court. Specifically, the statute provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

This statute applies "only to rights that are granted in terms of [racial] equality and not to the whole gamut of constitutional rights." Georgia v. Rachel, 384 U.S. 780, 792 (1966) (citation and quotation omitted). Rights that inhere in every citizen under the United States Constitution are not rights "arising under a law providing for 'equal civil rights'" under Section 1443. Greenwood v. Peacock, 384 U.S. 808, 825 (1966). For example, "broad contentions under the First Amendment and the Due Process of the Fourteenth Amendment" are applicable to all citizens, and therefore, cannot support removal under Section 1443. Rachel, 394 U.S. at 792.

To successfully remove a matter to federal court under 28 U.S.C. § 1443(1), a party seeking removal must satisfy a two-prong test. Rachel, 384 U.S. at 788. First, that party must prove the rights allegedly denied to them arise under a federal law providing for specific civil rights stated in terms of racial equality. Id. Second, a party must also prove they have been denied or cannot enforce the specific civil rights in state court. Id. To successfully establish removal under 28 U.S.C. § 1443(2), the party removing the action from state court must be either a federal officer or a person assisting a federal officer in the performance of their official duties. Greenwood, 384 U.S. at 816.

In the instant case, Defendant has not satisfied the requirements for removal under either subsection (1) or subsection (2) of the statute. First, as to subsection (1), Defendant has not alleged that any of his civil rights stated in terms of racial equality have been violated, nor has he made any demonstration that he has been denied or cannot enforce specific civil rights regarding racial equality in state court. Put another way, Defendant has not specified how civil rights laws pertaining to racial equality are implicated in such a way that this removal statute applies. Defendant's broad allegations of ineffective assistance of counsel and violations of his right to privacy regarding the right to raise his children are not civil rights stated in terms of racial equity. Secondly, as to subsection (2), Defendant has not in any way alleged that he is a federal officer, nor is he asserting that he is assisting a federal officer in the performance of their duties. Simply put, then, Defendant has not satisfied the requirements under any provision of 28 U.S.C. § 1443 to remove his case to federal court.

In sum, Defendant fails to meet his burden of satisfying a basis for removal, in that he fails to establish that subject matter jurisdiction lies herein, given the substance of the matter raised. After all, federal "removal jurisdiction is strictly construed, and if . . . jurisdiction is doubtful, the

federal court must remand." Councell v. Homer Laughlin China Co., 823 F.Supp.2d 370, 375 (N.D.W. Va. 2011) (citing Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994)).

Accordingly, the undersigned **FINDS** that Defendant has not demonstrated that subject matter jurisdiction of the juvenile abuse and neglect matters lies herein, and that those matters thus should be **REMANDED**.

### 2. Defendant's state criminal case does not fall within the extremely limited category of criminal cases that can be removed to federal court.

Defendant's pending state criminal charges cannot be removed based on federal question jurisdiction or any other plausible removal statute. Defendant cannot remove the state criminal action pending against him to federal court and litigate his case here, nor can this Court dismiss the state criminal charges against him. Federal courts have limited jurisdiction that does not extend to state criminal law matters except in very limited circumstances. A criminal defendant attempting to remove their state criminal case to federal court "must clearly show membership of highly specific class of individuals covered by 28 U.S.C. §§ 1442 (federal employee acting in course/scope of duty); 1442a (member of armed services); or 1443 (person prosecuted for exercising protected right to racial equality)." South Carolina v. Montgomery, No. 4:17-cv-015550-RBH-KDW, 2017 WL 3530523 at *2 (D.S.C. July 27, 2017).

Defendant has not alleged in any fashion that he is a federal employee or a member of the armed services, a necessary contention if he were seeking to proceed under 28 U.S.C. §§ 1442 or 1442a. And as for 28 U.S.C. § 1443, as outlined above, in all of his extensive filings herein, Defendant has not alleged nor demonstrated that any of his civil rights stated in terms of racial equality have been violated or cannot be enforced in state court. Thus, Defendant has failed to meet the threshold requirement that he state any "short and plain statement of the grounds for

8

removal" or any authority that would support removal of his state criminal case to federal court as required under 28 U.S.C. § 1455.

Thus, the undersigned **FINDS** that the Court lacks subject matter jurisdiction of the state criminal proceeding, and that the matter should be **REMANDED** for disposition of state criminal proceedings in state court.

**B. Entry of default is not proper in this case because the parties against whom Plaintiff seeks default were not properly served, and the Court lacks jurisdiction in the first instance.**

By one of his pending motions [ECF No. 18], presented as a "lawful request for entry of default," Plaintiff moves for entry of default, pursuant to Rule 55 of the Federal Rules of Civil Procedure. This motion appears to pertain only to the state juvenile abuse and neglect proceedings, involving DHHR and Farrar, and not to the state criminal proceeding. Under this rule, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

*1. Defendant did not achieve proper service as required to seek entry of default.*

As a threshold matter, a party seeking entry of default must demonstrate that the party against whom default is sought, has been served properly.[3] If there has not been proper service, then the party against whom default is sought cannot be said to have "failed to plead or otherwise defend." However, as Plaintiff correctly argues, Defendant did not achieve proper service.

---

[3] As another threshold matter, the party seeking default typically is the one prosecuting a claim. In the instant matter, Defendant appears to be, principally, defending against claims rather than prosecuting them. Thus, it is not clear how Defendant seeks default or what form it would take if awarded. Nonetheless, in deference to Defendant's *pro se* status, the undersigned analyzes the issue as if Defendant is a party who might ordinarily seek default.

In the instant matter, Defendant argues that he served the summons and complaint on Farrar and DHHR on May 18, 2023, by certified mail. [ECF No. 18-1, at 1]. He mentions receipt by an individual, Debra Elaine Carter, located at 4001 Church Hill Drive, Morgantown, West Virginia. Id. It entirely unclear who this individual is, let alone her purported connection to the matter at hand.

Because Defendant relies on service by certified mail, that requires an analysis of whether that is effective service on either DHHR or Farrar.

First as to DHHR, Rule 4 of the Federal Rules of Civil Procedure specifies how service of process is to be effected. Specifically:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). As to subsection (A), Defendant makes no showing that he effected service on DHHR's chief executive officer. And as to subsection (B), West Virginia law for such service sets forth a procedure whereby a claimant coordinates with a clerk of the court for the clerk to make service. See W. Va. R. Civ. P. 4(b)(3)(B). Here, though, Defendant makes no showing that he achieved service in this fashion.

Second, as to Farrar, nothing in the record shows that Plaintiff achieved effective service upon her, an individual. For service to be effected on an individual, Fed. R. Civ. P. 4(e) sets forth that such service may be achieved by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). In the instant matter, Defendant relies only on purported service by certified mail upon an individual who is not Farrar herself. Thus, nothing in subsection (2) of Fed. R. Civ. P. 4(e) provides that this was effective service. As for subsection (1) of the same, directing an analysis of applicable state law, West Virginia Rule of Civil Procedure Rule 4(d)(1) sets forth the manner in which an individual may be served by mail. Specifically, Rule 4(d)(1)(D) provides service upon an individual may be made by, "The clerk sending a copy of the summons and complaint to the individual to be served by *certified mail, return receipt requested*, and delivery restricted by the addressee." W. Va. R. Civ. P. 4(d)(1)(D) (emphasis added). Further, Rule 4(d)(1)(E) provides service may also be made by "The clerk sending a copy of the summons and complaint by *first class mail, postage prepaid*, to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to Form 14 and a return envelope, postage prepaid, addressed to the clerk." W. Va. R. Civ. P. 4(d)(1)(E) (emphasis added). However, nothing about Defendant's purported service by certified mail upon Debra Elaine Carter meets these requirements under the applicable state rule for service. Nothing in the record shows that Defendant coordinated with the Clerk of the Court to achieve service by certified mail as required under either of these provisions.

Thus, Defendant fails to show that he effected proper service on either DHHR or Farrar. Accordingly, the undersigned **FINDS** that Defendant's request for entry of default is improper and that the motion for entry of default [ECF No. 18] should be denied.

*2. The Court lacks jurisdiction to entertain a request to enter default.*

Because Defendant did not achieve proper service of process, the Court need not necessarily reach the issue of jurisdiction to entertain Defendant's request for entry of default. However, even if Defendant had achieved proper service, the Court nonetheless lacks subject matter jurisdiction to enter default as Defendant requests. The undersigned does not re-state the analysis, above, as to why the Court lacks subject matter jurisdiction as to either of the types of state matters which Defendant seeks to remove. Rather, simply put, there is no authority for the Court to enter default if it lacks subject matter jurisdiction over a matter in which a party seeks an entry of default.

Thus, the undersigned **FINDS** that the motion [ECF No. 18] for entry of default as Defendant requests should be denied, for lack of subject matter jurisdiction.

### C. Defendant's remaining motions [ECF NOS. 32, 33, 34, 35, 36, 37, 38, 39, 40] should be denied as moot.

Finally, pending before the Court are nine other remaining motions [ECF Nos. 32, 33, 34, 35, 36, 37, 38, 39, 40] filed by *pro se* Defendant. Those motions are summarized as follows:

1. A motion to disqualify a state circuit court judge who appears to be sitting by special assignment in the above-noted state court criminal matter [ECF No. 32];

2. A motion to strike pleadings in the underlying state matters [ECF No. 33];

3. A motion to compel, styled in the nature of discovery requests [ECF No. 34];

4. A motion for default judgment [ECF No. 35] as to DHHR and Farrar, essentially re-casting the same arguments put forth as to the above-analyzed motion for entry of default;

12

5. A motion for sanctions as to various individuals involved in the underlying state court proceedings [ECF No. 36];

6. A motion to stay the underlying state criminal proceeding [ECF No. 37];

7. A motion containing various and sundry pre-trial motions, styled as "omnibus pre-trial motions," and appearing to relate to the underlying state criminal proceedings [ECF No. 38];

8. A subpoena duces tecum, docketed as a motion for issuance of the same [ECF No. 39]; and

9. A separate subpoena duces tecum, docketed as a motion for issuance of the same [ECF No. 40].

Because the undersigned finds that the Court lacks subject matter jurisdiction over either of the types of state matters which Defendant seeks to remove, the undersigned further **FINDS**, after review of the motions, that the above-listed motions should be denied as moot, without the need for detailed written analysis of the same. After all, the above-listed motions pertain to several procedural issues in the underlying state matters. Because of the undersigned's finding that the Court herein lacks subject matter jurisdiction, it is unnecessary and inappropriate for the Court to act on these several other motions.

Thus, the undersigned **FINDS** that the remaining motions filed by *pro se* Defendant [ECF Nos. 32, 33, 34, 35, 36, 37, 38, 39, 40] should be **DENIED as moot**.

### IV. RECOMMENDATIONS AND CONCLUSION

For the aforementioned reasons, the undersigned **FINDS** that this Court does not have jurisdiction in this matter. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's two respective motions to dismiss and remand [ECF Nos. 22, 24] be **GRANTED** and that the matters be **REMANDED** to the Circuit Court of Monongalia County, West Virginia. On

13

another note, the undersigned **RECOMMENDS** that Defendant's motion for entry of default [ECF No. 18] should be **DENIED**. And finally, the undersigned **RECOMMENDS** that Defendant's remaining motions [ECF Nos. 32, 33, 34, 35, 36, 37, 38, 39, 40] be **DENIED as moot**.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, and to *pro se* Defendant by certified mail, return receipt requested.

**DATED**: July 25, 2023.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE