**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**STATE OF WEST VIRGINIA,**

        **Plaintiff,**

**v.**                                           **Civ. Action No. 1:23-CV-42**
                                    **(Judge Kleeh)**

**EMMANUEL JONES,**

        **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 45]**

**I.**        **<u>BACKGROUND AND REPORT AND RECOMMENDATION</u>**

On May 10, 2023, Defendant Emmanuel Jones ("Jones") removed this action from the Circuit Court of Monongalia County, West Virginia. [ECF No. 1]. The underlying action contains juvenile abuse and neglect proceedings against Jones. On May 26, 2023, Jones amended the notice of removal to add his felony criminal matter, No. 23-F-221, to the items removed.  As to the underlying abuse and neglect action, Jones seeks restoration of his custodial rights to his children, dismissal of the proceedings, and sanctions against the state. <u>Id.</u> Jones also seeks a dismissal of his criminal case. ECF No. 11.

Plaintiffs DHHR and Farrar move to dismiss the action and remand it to the Circuit Court of Monongalia County because this Court lacks subject matter jurisdiction. ECF No. 22. Plaintiff State of West Virginia and named interested parties move for dismissal and remand, also arguing the Court lacks subject matter

jurisdiction. ECF No. 24.

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for initial review. ECF No. 8.  On July 25, 2023, the Magistrate Judge entered a Report and Recommendation ("R&R") [ECF No. 45], recommending the Court grant Plaintiff's Motions to Dismiss [ECF Nos. 22, 24] and remand the action to the Circuit Court of Monongalia County, West Virginia. The R&R informed the parties that they had fourteen (14) days plus an additional three (3) days from the date of the filing of the R&R to file "specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection."  It further warned them that the "[f]ailure to timely file objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals."  ECF No. 45 at 14.  Jones filed a number of objections to the R&R. ECF No. 55.

## II.  OBJECTIONS AND STANDARD OF REVIEW

On August 1, 2023, Jones timely filed "Emmanuel Jones Objections to Omnibus Report and Recommendation of Magistrate Judge Michael John Aloi Before Chief Judge Kleeh" [ECF No. 55]. When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made.

2

ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 45]

28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

        "When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (emphasis added) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

        A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the

State of West Virginia v. Jones                    1:23-CV-42

ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 45]

claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b).

Jones filed a number of objections to the magistrate judge's omnibus R&R. [ECF No. 55]. The majority of Jones' objections concern Magistrate Judge Aloi's designation in this case; specifically, to issue the Omnibus Report and Recommendation. Jones cites 28 U.S.C. § 636(c) in support of his objection that the Court failed to provide him notice and opportunity to consent to the Magistrate Judge issuing reports and recommendation. Id. Pursuant to Title 28, United States Code §§ 636(b)(1)(A) and 636(b)(1)(B) and L.R. Civ. P. 7.02(c) and 72.01, the Court referred this action to the Honorable Michael J. Aloi, United States Magistrate Judge, to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise. ECF No. 8. For a referral under 28 U.S.C. § 636(b)(1) as the Court did here, the parties need not consent to the Magistrate Judge's designation.

State of West Virginia v. Jones                    1:23-CV-42

ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 45]

For that reason, Jones' objections on that issue are **OVERRULED**.

Jones' remaining objections fall short of the specificity requirement and are overruled. Jones' general grievances and repeated conclusory allegations do not merit a de novo review. The objections are unspecific, devoid of any reference to specific findings or recommendations, and are unsupported by legal authority. Accordingly, the Court reviewed the R&R for clear error and found none. For those reasons, Jones' remaining objections are likewise **OVERRULED**.

### III. CONCLUSION

For these reasons, the Court **ADOPTS** the R&R in its entirety [ECF No. 45] and **OVERRULES** Jones' objections [ECF No. 55]. The Motions to Dismiss are **GRANTED** [ECF Nos. 22, 24] and the case is **REMANDED** to the Circuit Court of Monongalia County, West Virginia. All other pending motions are **DENIED AS MOOT**. Jones' Complaint is **DISMISSED WITHOUT PREJUDICE** and the Court **DIRECTS** the Clerk to strike this case from the Court's active docket.

It is so **ORDERED**.

The Clerk shall transmit copies of this Order to counsel of record via email and the pro se Defendant via certified mail, return receipt requested.

**State of West Virginia v. Jones**                    **1:23-CV-42**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 45]**

**DATED:** October 10, 2023

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA